# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. TED ISEGHOHI EDWARDS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL GOVERNMENT OF NIGERIA ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 18-11133-FDS |

## ORDER ON PLAINTIFF'S MOTIONS FOR SERVICE BY THE CLERK'S OFFICE AND FOR SUMMARY JUDGMENT

**SAYLOR, J.**

This is an action to enforce a judgment of the Federal High Court of Nigeria in the United States. In brief, plaintiff seeks $318 million in attorneys' fees he allegedly earned representing various local governments in Nigeria against the Federal Government of Nigeria. (Compl. § III). After plaintiff attempted to register his judgment and execute on it without service on defendants, the Court informed plaintiff that it appeared that the proper procedure was to file a civil action against the alleged judgment debtors and seek to have the Nigerian judgment recognized by a court in the United States. Order of Dismissal, *Dr. Ted Iseghohi-Edwards v. Fed. Gov't of Nigeria*, No. 18-mc-91146-FDS (D. Mass. May 11, 2018).

Plaintiff has now filed such a suit, but instead of serving defendants and allowing them to respond, he has filed a motion for service by the clerk and a motion for summary judgment. Those motions will be denied.

Federal Rule of Civil Procedure 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P.

4(c)(1). "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Fed. R. Civ. P. 4(c)(3). The fact that plaintiff here seeks to serve defendants pursuant to 28 U.S.C. § 1608, which provides the rules for service on foreign states, does not change the fact that effectuating service is plaintiff's responsibility.

Because plaintiff here is not proceeding *in forma pauperis* and is not a seaman, the Court need not order that service be made by the Marshals. Although the Court has discretion under the rule to order that service be made by the Marshals, because of its limited resources, the Court rarely orders such service in civil cases outside the categories provided by the rule, and only for the most compelling reasons. Here, plaintiff is an attorney, and appears to be fully capable of prosecuting his case without the assistance of the Court. Not only are the many defendants to be served here located in Africa, they appear to be agencies and officials of a foreign state. Plaintiff is in a much better position to make the service required. Therefore, plaintiff's motion for service by the clerk is DENIED.

Plaintiff's motion for summary judgment is premature at best. As the Court has already explained, plaintiff must serve defendants, and they must be allowed the opportunity to answer the complaint or file another responsive pleading. If the matter is as simple as plaintiff alleges, the Court may be able to proceed to the summary judgment stage without delay. But for now, plaintiff's motion for summary judgment is DENIED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
Dated: June 4, 2018 United States District Judge